IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAIN AND SPINE SPECIALISTS OF ) <br> MARYLAND, LLC, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PREMIER CARE MEDICAL CENTER, ) <br> INC., and PRAVINKUMAR P. PATEL, ) <br> Defendants. ) | C.A. No. 1:21-CV-171 <br><br><br> Re: Motion for Preliminary Injunction <br> ECF No. 9 |

**MEMORANDUM OPINION**

U.S. District Judge Susan Paradise Baxter

Pending before this Court is Plaintiff's motion for preliminary injunction. ECF No. 9.

### I. Procedural History

On July 1, 2021, Plaintiff Pain and Spine Specialists of Maryland, LLC ("Pain and Spine" or "PASS"), initiated this civil action. ECF No. 1. PASS is a Maryland limited liability company with its principal place of business in Maryland and medical offices in Maryland, Pennsylvania, and Virginia. As Defendants to this action, Plaintiff names the Premier Care Medical Center, Inc., and Dr. Pravinkumar P. Patel, both of Erie, Pennsylvania.

Around May of 2021, the parties began negotiations for the sale and purchase of Dr. Patel's medical practice. Around June 1st, Dr. Patel and Premier Care allowed PASS to begin seeing Dr. Patel's patients at Premier Care's medical office. By mid-June, the negotiations between Plaintiff and Defendants soured. The legal claims in this case arise out of the failed completion of any formal arrangement between Plaintiff and Defendants and the exchange of a

1

$200,000 down payment. Plaintiff raises multiple legal claims sounding in contract or alternatively in quasi-contract under Pennsylvania law. The Amended Complaint, filed on September 28, 2021, raises the following legal claims: Count I – Breach of Contract; Count II – Constructive Trust; Count III – Fraud; Count IV – Conversion; Count V – Unjust Enrichment; Count VI – Promissory Estoppel; and Count VII – Defamation. ECF No. 1.[1]

The present motion for preliminary injunction was filed on the same day as the amended complaint. ECF No. 9. As relief, the motion seeks to have this Court

> (1) enjoin Defendants from using and/or dissipating PASS's money and personal property pending a final decision on the merits of this case and
>
> (2) compel that the sum of $200,000 (which was paid to Dr. Patel as a down payment) and the personal property at issue be placed in escrow by Defendants and be held by undersigned counsel and Defendants' counsel […] serving as Co-escrow agents pending further Order of Court.

ECF No. 9 (parenthetical added). The requested relief is based on only some of the legal claims in the amended complaint: Count II – Constructive Trust; Count IV – Conversion; Count V – Unjust Enrichment; and Count VI – Promissory Estoppel.

In support of the motion for preliminary injunction, Plaintiff has submitted the Declaration of Dr. Sudhir Rao, the owner of PASS, along with supporting documentation. ECF No. 11; ECF No. 15. In opposition to the present motion, Defendants have filed a brief with the Declaration of Defendant Dr. Pravinkumar Patel and supporting documentation. ECF No. 16.

This Court held a status conference on October 6, 2021, to discuss the scheduling of briefing, argument, and an evidentiary hearing on the motion for preliminary injunction. Both parties declined the offered opportunity for oral argument or an evidentiary hearing on this

---

[1] Defendants have filed an Answer and have raised seven counterclaims against Defendants: Count I – Breach of Oral Contract; Count II – Promissory Estoppel; Count III – Unjust Enrichment; Count IV – Conversion; Count V – Fraud; Count VI – Defamation; and Count VII for an Accounting. ECF No. 18. And, Plaintiff has answered the counterclaims. ECF No. 20.

2

motion. At the same time, this Court directed the parties to confer in an effort to arrive at a mutually agreeable protective order by October 15th. Instead of filing a protective order, the parties filed a Status Report explaining their inability to agree on language for such an order. ECF No. 17.

### II.     Standard of Review

A preliminary injunction is "an extraordinary remedy granted only in limited circumstances." *Issa v. Sch. District of Lancaster*, 847 F.3d 121, 131 (3d Cir. Jan. 30, 2017) *citing Ferring Pharm., Inc. v. Watson Pharm., Inc*., 765 F.3d 205, 210 (3d Cir. Aug. 26, 2014). "The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to principles of equity." *Jones v. County of Allegheny*, 22021 WL 4994019, at *1 (W.D. Pa. Oct. 4, 2021) *citing Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). A preliminary injunction "may not be used to simply eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.,* 409 F.2d 614, 618 (3d Cir. 1969).

There are four factors a court must consider when evaluating a motion for preliminary injunctive relief:

> 1) Has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not);
>
> 2) Is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief;
>
> 3) Does the balance of equities tip in its favor; and
>
> 4) Is an injunction in the public interest?

*Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. Apr. 22, 2019) *citing Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. Jun. 26, 2017). After the movant meets the first two "gateway factors," the court then determines whether all four factors, taken together, balance in favor of granting the relief sought. *Id*.

When ruling on a motion for a preliminary injunction, "a court both finds facts and determines the law." *See* Fed.R.Civ.P. 52(a)(1) & (2). Evidentiary hearings are generally held on preliminary injunction motions. In its fact-finding capacity, at an evidentiary hearing, a court may make credibility determinations as to the witnesses' testimony and the evidence presented during the hearing. *See, e.g., Hudson v. Global Resources Holdings, Inc. v. Hill*, 2007 WL 1545678, at *8 (W.D. Pa. May 25, 2007). "A court considering whether to grant a preliminary injunction may assess the credibility of witnesses testifying before it at a preliminary injunction hearing and based its decisions on credibility determination." *Berger v. Weinstein*, 2008 WL at *4 (E.D. Pa. July 24, 2008).

Here, despite being given the opportunity for an evidentiary hearing, the parties declined. In the lengthy experience of the undersigned, parties never decline the opportunity for an evidentiary hearing in the context of a motion for preliminary injunction. Without an evidentiary hearing, the record before this Court is limited to competing Declarations by Dr. Patel for the defendant-seller and Dr. Rao for the plaintiff-buyer. With the proper standard of review in mind, without an evidentiary hearing and with only scant evidence in the record (much of which is contradicted), the movant has failed to meet its burden for this Court to grant the "extraordinary remedy" of a preliminary injunction.

### A. Likelihood of Success on the Merits

The competing evidence makes this Court's determination as to a likelihood of success on the merits of any of the equitable claims impossible. For example, in support of the motion for preliminary injunction, Dr. Rao declares that he presented an offer to purchase Premier Care as set forth in a proposed Asset Purchase Agreement. The Agreement, attached to the Rao Declaration, indicates "a refundable deposit of $200,000 ("good faith deposit") and at closing $1,000,000 (collectively, the "purchase price"). The Agreement is not signed and it is not dated. ECF No. 11-1. This Court cannot assume that the proposed written agreement was communicated to Dr. Patel and Dr. Rao does not testify to that. Furthermore, Dr. Rao does not give a specific date (only generally May 2021) as to when any proposed agreement was communicated to any person or entity representing Premier Care. And, in his competing Declaration, Dr. Patel testifies that he only received the proposed agreement on May 31, 2021 and that Dr. Rao began to treat patients at Premier on June 1, 2021. ECF No. 16-2. Based on this limited record, this Court cannot make even the most basic of factual findings to determine Plaintiff's likelihood of success on the merits of its claims.

### B. Irreparable Harm

Not only has PASS failed to meet its burden as to the likelihood of success on the merits, but it has also failed to demonstrate that it will suffer irreparable harm. The irreparable harm prong "requires courts to determine whether it is 'more likely than not [the movant will] suffer irreparable harm in the absence of preliminary relief.'" *Reilly*, 858 F.3d at 179.

Irreparable harm is harm "of a peculiar nature" for which "compensation in money alone cannot atone." *Id. quoting Opticians Ass'n of Am. v. Ind. Opticians of Am.,* 920 F.2d 187, 195 (3d Cir. Dec. 27, 1990). The injury "cannot be purely economic," but "must pose a potential

harm which cannot be redressed by a legal or equitable remedy following trial." *Razor Technology*, 2018 WL 2063844, at *11 (internal citations omitted). *See also Reilly*, 858 F.3d at n.4 ("the availability of money damages for an injury typically will preclude a finding of irreparable harm"). Moreover, "the moving party must make a 'clear showing of immediate irreparable harm.'" *Washington v. Superintendent Gilmore*, 2019 WL 2610765, at *6 (W.D. Pa. Jun. 29, 2019) *quoting Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. Oct. 13, 1992).

To demonstrate irreparable harm, "the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co., v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word is **irreparable** … the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weights heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original),

Plaintiff argues that there is a "likelihood that Defendants will dissipate, encumber, or dispose of PASS's assets" before this litigation concludes. PASS reasons that it will be unable to recover the funds at the conclusion of this litigation because (1) Dr. Patel's past criminal history for fraud and grand theft demonstrate the possibility that Defendants will transfer, hide, or dissipate funds; (2) Dr. Patel is the target of a Medicare investigation and could dissipate or transfer assets or flee the jurisdiction to escape criminal liability; and (3) Dr. Patel has already taken steps to leave the jurisdiction and close his practice by selling his home, telling his patients he intends to retire, and failing to renew his office lease. ECF No. 10.

In opposition, Defendants argue none of Plaintiff's reasons demonstrate the requisite imminent irreparable injury. This Court agrees. The record demonstrates that Dr. Patel was incarcerated and lost his medical license for a time in the late 1990s. He was released from incarceration in 2003 and his medical license was fully reinstated by 2014. Since that time, Dr. Patel has had no issues with the Medical Board. ECF No. 16-2, Declaration of Dr. Patel. Dr. Patel also denies being under investigation for Medicare fraud currently and instead implies that any investigation in this regard may be the result of the soured relationship between Plaintiff and Defendants. *Id*. In his Declaration, Dr. Patel also explains that the $200,000 he received from PASS is not available for escrow as it was used to pay personal and business expenses for the medical practice from June through September and used for legal fees related to this litigation. *Id*. In his opposition brief, Dr. Patel also notes that he was selling his practice to PASS so that he could retire – therefore, his selling house and informing his patients of his intent is normal and far from nefarious. ECF No. 16. Plaintiff has not demonstrated it will suffer irreparable injury in the event that a preliminary injunction is not entered.

Because Plaintiff failed to satisfy its burden as to the two "gateway factors, the Court need not consider the remaining two factors. *Oberheim v. Bason*, 2021 WL 4478333, at * 10 (M.D. Pa. Sept. 30, 2021) *citing Reilly*, 858 F.3d at 179.

An appropriate Order will follow.